```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
```

In re:                                                              Case No. 12-06956-RNO
Sherry Lynne Gutshall                                               Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: AGarner     Page 1 of 1     Date Rcvd: Dec 07, 2016
                     Form ID: pdf010     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 09, 2016.
         DFAS-DGG-CL,    GARNISHMENT OPERATIONS,    PO BOX 998002,    CLEVELAND, OH    44199-8002

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                     TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                     TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 09, 2016                                               Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 7, 2016 at the address(es) listed below:
         Charles J. DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,    TWecf@pamd13trustee.com
         Chrisovalante    Fliakos     on behalf of Creditor     The Bank Of New York Mellon F/K/A The Bank Of
          New York As Successor    et al. pamb@fedphe.com
         Dorothy L Mott     on behalf of Debtor Sherry Lynne Gutshall DorieMott@aol.com,
          KaraGendronECF@gmail.com;kristinkmessneresquire@msn.com;doriemott01@yahoo.com;bethsnyderecf@gmail
          .com
         Jennie C. Tsai     on behalf of Creditor     The Bank of New York Mellon, et al...
          Jennie.Tsai@phelanhallinan.com
         Joseph P Schalk     on behalf of Creditor     The Bank Of New York Mellon F/K/A The Bank Of New York
          As Successor    et al. pamb@fedphe.com
         Joshua I Goldman     on behalf of Creditor     The Bank of New York Mellon, et al...
          bkgroup@kmllawgroup.com,    bkgroup@kmllawgroup.com
         Kara Katherine Gendron     on behalf of Debtor Sherry Lynne Gutshall karagendronecf@gmail.com,
          doriemott@aol.com;doriemott01@yahoo.com;bethsnyderecf@gmail.com
         Mario John Hanyon     on behalf of Creditor     THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL
          ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, AS
          TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, IN pamb@fedphe.com
         United States Trustee     ustpregion03.ha.ecf@usdoj.gov
         William Edward Miller     on behalf of Creditor     The Bank of New York Mellon, by its attorney in
          fact Ocwen Loan Servicing, LLC wmiller@sterneisenberg.com,    bkecf@sterneisenberg.com
                                                                                                                    TOTAL: 10

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| SHERRY LYNNE GUTSHALL | : | |
| Debtor | : | CASE NO. 1:12-bk-06956 |
| | : | |

## ORDER TO PAY TRUSTEE

Upon consideration of the Motion for Wage Attachment, it is hereby ORDERED that until further Order of this Court the entity from whom the Debtor, Sherry Lynne Gutshall, receives income:

DFAS-DGG-CL
GARNISHMENT OPERATIONS
PO BOX 998002
CLEVELAND, OH 44199-8002

deduct from said income the sum of $150.00 from each two-week pay check, or $75.00 from each weekly paycheck, as appropriate, beginning on the next pay day following receipt of this Order and deduct a similar amount each pay period thereafter, including any period from which the Debtor receives a periodic or lump sum payment as a result of vacation, termination or other benefits arising out of present or past employment, or from any other benefits payable to the Debtor and to remit the deductible sums to:

CHARLES J DEHART III ESQUIRE
PO BOX 7005
LANCASTER, PA 17604

and to change the amount of the monthly remittance to the Trustee in the future, if the Employer is directed to do so in writing, either by the Trustee or by the Debtor's counsel and to continue the monthly wage attachment until the Employer is directed in writing to discontinue the attachment, either by the Trustee or Debtor's counsel.

IT IS FURTHER ORDERED that the employer shall change the amount of the monthly remittance to the Trustee in the future, if the Employer is directed to do so in writing, either by the Trustee or by the Debtor's counsel and to continue the monthly wage attachment until the Employer is directed in writing to discontinue the attachment, either by the Trustee or Debtor's counsel.

IT IS FURTHER ORDERED that the entity from whom the Debtor receives income shall notify the Trustee if the Debtor's income is terminated and the reason therefore.

IT IS FURTHER ORDERED that all remaining income of the Debtor, except the amounts required to be withheld for taxes, social security, insurance, pension, or union dues be paid to the Debtor in accordance with usual payment procedure.

IT IS FURTHER ORDERED that this Order shall terminate without further order upon certification that the obligation of the Debtor has been fulfilled, if it is not terminated by earlier order of this Court.

By the Court,

Robert N. Opel, II, Chief Bankruptcy Judge
(BI)

Dated: December 7, 2016